JAMES M. CARTER, Circuit Judge,
concurring:
I concur in the result reached by the majority in this case and in most of the reasoning in support thereof. My only disagreement concerns the treatment of Charles Mitchell’s claim that his constitutional right to cross-examine was abridged. I understand the majority to hold that restricted cross-examination claims are tested by the following procedure: (1) the reviewing court determines whether the constitutional right to effective cross-examination has been abridged. If so, then (2) the court reviews the entire record to determine whether the error in restricting cross-examination was harmless beyond a reasonable doubt. I also understand the majority to explain recent cases such as Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); United States v. Harris, 501 F.2d 1 (9 Cir. 1974); and United States v. Alvarez-Lopez, 559 F.2d 1155 (9 Cir. 1977), which contain language hinting at a per se rule, to be cases which in fact did apply the test described above.
My difference of opinion concerns the proper application of the test to the facts of this case. The majority concludes it was error to limit Mitchell’s cross-examination but that the error was harmless beyond a reasonable doubt. I would hold, as shown below, that although initially it may have been wrong to limit Mitchell’s cross-examination, this mistake was corrected before trial ended, resulting in no error on appeal *1368 and no occasion to resort to the harmless error standard. In any event, I am in complete agreement that there is no rule that erroneous limitation of cross-examination constitutes per se a violation of a defendant’s constitutional right to confrontation. If error does exist, it is tested, as the majority states, by the harmless error standard.
Limitation of cross-examination cannot be shown to be error if the material sought to be introduced by cross-examination is otherwise adequately presented to the trier of fact during the trial. Recently this same issue arose in Skinner v. Cardwell, 564 F.2d 1381 (9 Cir. 1977), when a defendant was denied the opportunity to have his attorney cross-examine a prosecution witness about information which was relevant and material to potential impeachment of another prosecution witness. In Skinner we upheld the district judge and held:
“The test, for whether cross-examination about a relevant topic was effective, i. e., whether the trial court has abused its discretion, is whether the jury is otherwise in possession of sufficient information upon which to make a discriminating appraisal of the subject matter at issue.” (Emphasis supplied.) Skinner v. Card-well, supra, at 2973.
Under this test effective cross-examination was not denied to Charles Mitchell. Judge Smith’s opinion explains in detail how the material about which Charles Mitchell sought to cross-examine — Shelly’s relationship with the police — was fully explored before the jury.
The fact that this information was brought in by co-defendants’ counsel subsequent to Mitchell’s attempt to introduce it is not determinative. Neither the order of proof at trial nor the identity of the party presenting it is so critical that a mistake of potential constitutional magnitude cannot be corrected if the trial judge notes it and takes corrective action. Of course, in each case we must be sure that the corrective action taken satisfies the standards of the Constitution, but the central problem is not the technical concern of who brought the information before the court or how it was presented. It is whether the relevant subject matter was fully explored before the factfinder.
Substantively there is not a great deal of difference in the position taken by Judge Smith and the one I would take. Not mentioned in Judge Smith’s opinion, but I think inherently encompassed in his holding concerning the harmless error, is the concept that if the disputed material is permitted to go before the jury in one way or another either before or after denial of cross-examination to a defendant who seeks to produce that material, the defendant should not be permitted to complain about it. A holding to the effect that there was per se error and that it was immaterial that the evidence got into the record at some other time would wreak havoc in the trial of multi-defendants in major criminal cases.